IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ADAM TIJERINA**                                                                                         **PLAINTIFF**

vs.                                                    No. 5:22-cv-928

**NATIONAL DEBT RELIEF, LLC**                                                       **DEFENDANT**

## ORIGINAL COMPLAINT

Plaintiff Adam Tijerina ("Plaintiff"), by and through his attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint against Defendant National Debt Relief, LLC ("Defendant"), states and alleges as follows:

### I.  PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient wages under the FLSA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     Defendant conducts business within the State of Texas.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

7.     Plaintiff performed his work for Defendant within the San Antonio Division of this District. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

8.     Plaintiff is an individual and resident of Bexar County.

9.     Defendant is a foreign limited liability company.

10.     Defendant's registered agent for service of process is Business Filings Incorporated at 701 Brazos Street, Suite 720, Austin, Texas 78701.

11.     Defendant in the course of its business maintains a website at https://www.nationaldebtrelief.com/.

## IV.     FACTUAL ALLEGATIONS

12.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

13.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce

or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles and fuel.

14. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

15. Specifically, Defendant employed Plaintiff as a Marketing Manager from 2012 until June of 2021.

16. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

17. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

18. Defendant classified Plaintiff as an independent contractor and as exempt from the overtime provisions of the FLSA.

19. Plaintiff's work followed the usual path of employer-employee relationships; Defendant treated him as an independent contractor only for tax purposes and for Defendant's convenience.

20. Defendant expected Plaintiff to follow Defendant's policies regarding his employment.

21. Plaintiff was required to attend weekly meetings set by Defendant.

22. Plaintiff was required to complete the tasks Defendant assigned to him or risk being disciplined, including termination.

23. Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

24. Defendant determined Plaintiff's pay scale for services without input from or negotiation with Plaintiff.

25. Defendant set prices for services without input from or negotiation with Plaintiff.

26. Defendant made decisions on advertising Defendant's business without Plaintiff's input.

27. Defendant made decisions on what new business to pursue or take without Plaintiff's input.

28. Plaintiff did not negotiate contracts or prices with Defendant's customers.

29. Defendant directed Plaintiff in his job duties.

30. Plaintiff had no opportunity to share in Defendant's profits.

31. Plaintiff did not share in Defendant's losses.

32. Plaintiff had no investment in Defendant's business or operations.

33. Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

34. Plaintiff regularly worked over 40 hours per week during his employment with Defendant.

35. Defendant did not pay Plaintiff an overtime premium for hours worked over 40 in a week.

36. Defendant tracked Plaintiff's time electronically.

37. Defendant knew or should have known that Plaintiff was working hours over 40 in some weeks.

38. At all relevant times herein, Defendant has deprived Plaintiff of wages for all hours worked, including overtime compensation for all of the hours worked over forty per week.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. CAUSE OF ACTION—VIOLATION OF THE FLSA

40. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

44. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

45. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

46. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

47. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Adam Tijerina respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C. Judgment for damages for all unpaid overtime compensation owed to Plaintiff under the FLSA, and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ADAM TIJERINA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Lydia H. Hamlet*
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com