IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADAM TIJERINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO: 5:22-cv-00928-XR |
| | § | |
| NATIONAL DEBT RELIEF, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT NATIONAL DEBT RELIEF, LLC'S OPPOSED
MOTION FOR LEAVE TO FILE ORIGINAL COUNTERCLAIM**

Defendant National Debt Relief, LLC, ("NDR") files this Opposed Motion for Leave to File its Original Counterclaim (attached hereto as Exhibit A) and respectfully shows the Court as follows:

**I.**
**BACKGROUND AND NATURE AND STAGE OF PROCEEDING**

Plaintiff Adam Tijerina ("Tijerina") brought suit against NDR on August 26, 2022, alleging violations of the FLSA. ECF No. 1. The current discovery deadline is May 22, 2023, and the dipositive motion deadline is July 21, 2023. ECF No. 16. This case is set for a bench trial on November 13, 2023. *Id*. This case is still in the early stages of fact investigation, as Tijerina has served only boilerplate discovery upon NDR, and has neither taken nor requested any depositions.

NDR took Tijerina's deposition on February 15, 2023. In his deposition, Tijerina gave testimony for the first time that (a) Tijerina was represented by counsel at the time he entered into the release of FLSA claims and (b) NDR was fraudulently induced into executing a release agreement with Tijerina under which it paid him $145,000 for the release of certain claims including, but not limited to, any FLSA claims Tijerina may allege against NDR (the "Severance

Agreement").   Specifically, Tijerina unequivocally testified (with his counsel present and without objection) that he had two different attorneys review the terms of the Severance Agreement and advise him, prior to him signing, that his release of his FLSA claim was supposedly ineffective.   Exhibit B at 176:14-23; 177:8-24; 178:6-11; 178:6-11; 186:6-25; 187:3-21. Tijerina testified that after receiving this advice, he signed the Severance Agreement, believing it to be ineffective as to his claims for overtime, and subsequently bought suit alleging he was due overtime under the FLSA. *Id.*

 Further, NDR learned that Tijerina regularly submitted expenses he incurred and other non-work activities to NDR for reimbursement disguised as hours worked.  *Id*. at 139:19-142:15; 146:4-25; 148:2-25. Thus, the hours Tijerina charged to NDR necessarily do not represent the actual number of hours that Tijerina worked.  At his deposition, Tijerina repeatedly testified that he could not recall when he did this and for how many hours, making it impossible to calculate how many hours Tijerina allegedly worked per week.  *Id.*

Crucially, the February 15, 2023, deposition is the first time that NDR learned that Tijerina was represented by counsel during the negotiations and execution of the Severance Agreement.   NDR was previously unaware as Tijerina handled all communications and negotiations personally and not through his hired counsel.  This information in conjunction with the impossibility of determining the actual number of hours Tijerina worked, significantly strengthened the release of Tijerina's FLSA claims under the Severance Agreement. *See Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 257 (5th Cir. 2012)(holding FLSA claims could be effectively released in a settlement where the employee is represented by counsel and received and accepted compensation for disputed hours).  Moreover, the February 15, 2023, deposition is the first time that NDR learned that Tijerina knowingly induced NDR to pay him

money pursuant to the Severance Agreement with the express intent of breaching the provisions releasing any alleged FLSA claims.

On March 9, 2023, the Court held the initial status conference in this case.  There, NDR stated on the record that it intended to file a counterclaim in light of these new allegations. Counsel for Tijerina did not raise any objection and cannot now claim surprise.  NDR now seeks leave to file its Original Counterclaim attached as Exhibit A.

## II.
## ARGUMENT & AUTHORITY

### A.    Leave to Amend Should Be Freely Given

Federal Rule of Civil Procedure 13(e) states that the court "may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading.  FRCP 13(e).  Under Federal Rule of Civil Procedure 15(a), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  FRCP 15(d).

Leave to add a counterclaim is governed by the "liberal amendment policy" set forth in Rule 15(a) of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 13, advisory committee's note ¶ 1 (2009) ("An amendment to add a counterclaim will be governed by Rule 15."); *see Villas at Parkside Partners v. City of Farmers Branch*, 577 F. Supp. 2d 880, 882 n.2 (N.D. Tex. 2008)("In the Fifth Circuit, the standard under Rule 13(e) is the same as the standard under Rule 15(a).").  Likewise, a motion to supplement pleadings under Rule 15(d) is evaluated by considering the same factors as those used to evaluate a motion to amend the pleadings under Rule 15(a). *See Washington v. Collier*, No. 2:18-CV-221, 2018 WL 4208486, at *2 (S.D. Tex.

Sept. 4, 2018) (citing *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982)).

Rule 15(a) instructs that a "court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a); *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003). While the decision to grant or deny leave rests within the Court's discretion, Rule 15(a) "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). In determining whether to exercise its discretion to grant a party leave to add a counterclaim, district courts consider the following five factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

**B.      NDR Timely Brought its Original Counterclaim Once it Matured**

The Court should grant NDR leave to bring its Original Counterclaim under Rule 13(e), 15(d) and the liberal amendment standard of Rule 15 of the Federal Rules of Civil Procedure. Tijerina cannot show that leave should not be granted as he cannot show undue delay, bad faith, repeated failures to cure deficiencies, undue prejudice or futility of the amendment.

1.      *No Undue Delay or Prejudice Would Result from Filing the Original Counterclaim;*

Allowing NDR to bring its Original Counterclaim would neither cause undue delay nor prejudice to Tijerina, as this case is still in the early stages of fact investigation and discovery. Tijerina has hardly begun the prosecution of his own case, serving only boilerplate discovery requests on NDR. Tijerina has neither requested nor taken any depositions to date. Indeed, Tijerina's latest counsel of record appeared in this case less just one month prior to this motion. *See* ECF No. 19. Further, Tijerina has not yet responded to NDR's first written discovery

- 4 -

requests and has even requested a two-week extension to respond to same. As stated above, Tijerina has been aware of NDR's intent to file its Original Counterclaim since March 9, 2023 at the latest. Accordingly, the addition of NDR's Counterclaim would not result in any delay or prejudice concerning the resolution of Tijerina's claims, the prosecution of which has yet to begin in earnest.

2.   *NDR Does Not Bring Its Original Counterclaim in Bad Faith or for a Dilatory Purpose*

NDR does not seek leave to add its Original Counterclaim in bad faith or for a dilatory purpose. NDR learned of facts supporting its claims against Tijerina for the first time during Tijerina's deposition in this matter and brings its Original Counterclaim in good faith based on Tijerina's testimony. Specifically, NDR learned for the first time that 1) Tijerina was represented by counsel when he negotiated the Severance Agreement, 2) Tijerina was advised and believed his FLSA release was ineffective and 3) Tijerina could not identify the actual number of hours he submitted that were for hours worked versus expense reimbursements and other non-work activities. *See Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d at 257 (holding FLSA claims could be effectively released in a settlement where the employee is represented by counsel and received and accepted compensation for disputed hours). Upon receiving the deposition transcript, NDR worked diligently to file its Original Counterclaim before the close of the discovery period, and, as explained above, does not expect any delay concerning the prosecution or resolution of Tijerina's own claims. *See* ECF No. 16 (setting close of discovery for May 22, 2023). Accordingly, NDR brings its Original Counterclaim neither in bad faith nor for a dilatory purpose.

3.   *NDR's Claims Are Not Futile*

Finally, the claims asserted in NDR's Original Counterclaim are not futile. Courts should

not deny leave to add a counterclaim on the basis of futility if the claims presented are asserted with the specificity required by the Federal Rules of Civil Procedure. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (concluding that district court abused its discretion by failing to grant leave where pleadings alleged facts sufficient to overcome Rule 12(b)(6) dismissal motion); *see also Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare.").

NDR's Original Counterclaim provides detailed factual allegations supporting its causes of action, stating plausible claims for relief and thereby comporting with the pleading requirements under the Federal Rules and the *Twombly* and *Iqbal* cases construing those rules. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (stating that, to survive a motion to dismiss, plaintiff's complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  As shown above, based on the testimony Tijerina provided at his deposition, NDR has a viable claim for each cause of action pled under controlling Fifth Circuit precedent. Accordingly, as NDR's claims are properly pled, the Court should not deny leave to file the Original Counterclaim on futility grounds.

4.    *Good Cause Exists to Allow the Original Counterclaim*

Alternatively, in the event the Court applies the good cause standard under Rule 16 prior to the more liberal amendment standard of Rule 15, good cause exists because Tijerina's deposition occurred following any applicable deadline.  When the Court analyzes good cause under Rule 16, it should consider four factors: (1) the explanation or the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *See Fahim v.*

- 6 -

*Marriott Hotel Servs., Inc*., 551 F.3d 344, 348 (5th Cir.2008).

As explained above, NDR first learned the facts supporting its Original Counterclaim during Tijerina's deposition on February 15, 2023.  Thus, NDR moves for leave to amend under FRCP 13 (e) which allows the court to permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party *after* serving an earlier pleading.  FRCP 13(e)(emphasis added).  Once NDR learned of the facts supporting its Original Counterclaim it requested the deposition transcript to review same and even informed Tijerina and the Court of its intention at the initial status conference for this matter held on March 9, 2023.

The Original Counterclaim is important to NDR because it just recently learned that Tijerina was represented by counsel when he entered into the Severance Agreement and that he fraudulently induced NDR to pay $145,000 dollars for the release of claims Tijerina always intended to bring, but only after receiving all payments from NDR.  As shown above, there is negligible prejudice to Tijerina if leave is granted as he has neither requested nor taken any depositions in this matter.  In the event Tijerina claims he requires additional time to conduct discovery on Plaintiff's claims, the discovery deadline can be extended up to 60 days without interfering with any other deadlines in the current scheduling order.  Indeed, trial in this matter is not set until November 13, 2023.

In sum, because NDR learned of the facts supporting its Original Counterclaim for the first time at Tijerina's deposition and because granting NDR leave to file its Original Counterclaim will result in no harm to Tijerina and no delay, the Court should grant NDR leave to file its Original Counterclaim.

## III.
## CONCLUSION

Wherefore, premises considered, NDR respectfully requests that the Court grant its

Motion for Leave to File its Original Counterclaim and any other relief to which it may be entitled.

Dated:  April 13, 2023

*Of Counsel*:

Katie Banks
State Bar No. 24092114
Fed. ID No.  2516169
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
kbanks@littler.com

Respectfully submitted,

/s/ David B. Jordan

David B. Jordan (Attorney-in-Charge)
State Bar No. 24032603
Fed. ID No. 40416
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
djordan@littler.com

**ATTORNEY FOR DEFENDANT**
**NATIONAL DEBT RELIEF, LLC**

4895-1223-2027.1 / 109064-1016

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I conferred with opposing counsel regarding the substance of this motion on April 4, 2023 via telephone and on April 5, 2023, opposing counsel informed me via email that he was opposed.

/s/ Katie Banks
Katie Banks

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of April 2023, a true and correct copy of the foregoing Defendant's Motion for Leave to File Original Counterclaim was filed via CM/ECF, and served via the Court's e-filing system, email, and/or United States mail to the individuals listed below:

Colby Qualls
Josh Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211

**ATTORNEYS FOR PLAINTIFF**

/s/ David B. Jordan
David B. Jordan

4895-1223-2027.1 / 109064-1016